

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**Signed March 4, 2010**                                        **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WENCESLAUS FLAVIAN MAGARI AND | § | Case No. 09-50002-RLJ-13 |
| MARY VICTORIA MAGARI, | § | |
| | § | |
| DEBTORS | § | |

### MEMORANDUM OPINION AND ORDER

The standing chapter 13 trustee, Robert Wilson (the "Trustee"), objects to the claim of Citimortgage, Inc. ("Citimortgage"), and, as part of the objection, requests attorneys' fees and damages "in an amount sufficient to prevent further dilatoriness . . ." by Citimortgage. The Court must decide whether the Trustee's request for affirmative relief is proper within the claims objection process.

## **Background**

The debtors, Wenceslaus and Mary Magari, filed this chapter 13 case on January 5, 2009. Citimortgage filed its proof of claim on April 4, 2009. The proof of claim is filed as a secured claim, secured by the debtors' principal residence; the claim reflects a total amount owing of $80,681.44, including an arrearage amount (i.e., an amount for missed payments) of $24,215.20. Exh. A. The claimed arrearage amount also includes the following fees and expenses: foreclosure fees of $1,950.83, foreclosure attorneys' fees of $2,527.50, delinquency expenses of $721.39, and fees for a property inspection of $72.00. *Id*. The Trustee's objection to Citimortgage's proof of claim was filed on December 3, 2009. The objection contained a notice providing that Citimortgage had 30 days to file a response to the objection. The objection with the notice of time to respond was served on Citimortgage by mailing it to Citimortgage's address, as reflected on its proof of claim, at P.O. Box 6941, The Lakes, NV 88901-6941. By the objection, the Trustee requests that the arrearage claim be reduced from $24,215.20 to $22,451.31 and, as stated above, requests sanctions in the form of attorneys' fees and damages for Citimortgage's dilatoriness. Citimortgage did not file a response to the objection and, upon hearing held on January 26, 2010, did not appear at the hearing.

In addition to filing the objection, the Trustee, through a staff employee of the Trustee's office, attempted, on several occasions, to resolve with Citimortgage the issues the Trustee had with Citimortgage's claim.[1] First, on April 20, 2009, the Trustee sent a letter to Citimortgage,

---

[1]The standing chapter 13 trustee is charged with the responsibility of examining and, if appropriate,
objecting to proofs of claim that are filed in the chapter 13 case. For claims secured by a lien on the debtor's residence that are paid by the trustee under the plan, the trustee reviews such claims to verify that the claim is properly secured by the debtor's residence and that any asserted fees, costs, and other charges are proper.

again at the address as reflected on the proof of claim, requesting a breakdown of the fees and expenses being claimed. Exh. C. The letter requested that a response be provided within 20 days. As the requested information was not provided, the Trustee made a second letter request on May 20, 2009, which stated as follows: "Please provide the requested information **NO LATER THAN JUNE 4, 2009 IN ORDER TO AVOID HAVING TO DEFEND THE TRUTEE'S** [sic] **OBJECTION TO CLAIM.**" Exh. D.

Kathy Davis, the employee of the Trustee's office that was attempting to resolve the claim, also called Citimortgage on June 23, 2009, August 7, 2009, and November 6, 2009. Ms. Davis spoke with a representative of Citimortgage who informed her that the proof of claim was indeed wrong and that it needed to be, and would be, amended. During the telephone conference on November 6, 2009, Citimortgage's representative promised Ms. Davis that the amended claim would be filed by November 13, 2009. The proof of claim has never been amended.

The Trustee asserts attorneys' fees and expenses incurred on this matter in the sum of $1,367.39. Finally, the Trustee provided notice of the January 26 hearing by Certified Mail, return receipt requested, to Citimortgage at the same box office address as provided on the proof of claim.

<u>Discussion</u>

At the hearing, the Court held that the Trustee's objection to the amount of the claim (reducing the arrearage amount from $24,215.20 to $22,451.31) would be sustained. The Court took under advisement the question of whether the Trustee's request for sanctions in the form of damages and attorneys' fees could be considered given the nature of the notice and service provided.

The Trustee contends that he has satisfied due process for both the objection to claim and the request for sanctions by complying with the notice procedures of Rule 3007.  The courts are split on whether, for claims objections, Rule 3007 preempts the service requirements of Rule 7004.[2]  Some courts require service of process under Rule 7004 for claim objections under the theory that a claim objection is a contested matter subject to Rule 9014, which requires that all contested matters comply with the service requirements of Rule 7004.[3]  *See, e.g., In re Boykin*, 246 B.R. 825, 828 (Bankr. E.D. V.A. 2000).  Under this line of cases, a request for affirmative relief contained within a claim objection would clearly be subject to the service requirements of Rule 7004.

The Trustee relies, however, on the line of cases that hold that an objection to claim made with notice in accordance with Rule 3007 is sufficient for due process purposes.  *See In re Anderson*, 330 B.R. 180, 186 (Bankr. S.D. Tex. 2005).   Courts following this approach do so under the theory that all contested matters must comply with Rule 9014 unless "otherwise governed by [the] rules . . . ."  *Id.*  Rule 3007 provides the minimum standard for notice on objections to claims, and because Rule 3007 provides an alternative notice procedure to that

---

[2]Rule 3007(a) provides that a copy of an objection to claim with notice of the hearing "shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing."  Rule 7004 sets forth the rules for service for an adversary proceeding and, in so doing, incorporates, in part, Rule 4 of the Federal Rules.  Rule 7004(b)(3) provides, for example, that service may be made "by first class mail upon a domestic corporation . . . by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

[3]Rule 9014 provides as follows:
(a)     **Motion**.  In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.  No response is required under this rule unless the court directs otherwise.

(b)     **Service**. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004.

-4-

contained in Rule 9014, these courts hold that parties need only comply with Rule 3007 for objections to claims. *Id*. "Therefore, under Rule 3007, once a creditor has submitted itself to the court's jurisdiction by way of filing a proof of claim, 'due process is satisfied by mailing the objection and notice to the name and address specified on the proof of claim for the receipt of notices in the case.' " *Id.* (citation omitted). Other courts have followed this reasoning regarding notice on objections to claims. *See In re Hawthorne*, 326 B.R. 1, 4-5 (Bankr. D. D.C. 2005); *In re Hensley*, 356 B.R. 68, 77-79 (Bankr. D. Kan. 2006); *In re Parker*, 392 B.R. 490, 495-96 (Bankr. D. Utah 2008); *In re Arnott*, 388 B.R. 656, 660 (Bankr. W.D. PA. 2008) (*vacated*, on other grounds).

Despite the split of authority on claim objections, a request for affirmative relief in the form of sanctions incorporated within an objection to claim must comply with Rule 9014, which, in turn, requires service of process in accordance with Rule 7004. The Trustee does not articulate the legal basis for a sanctions award. The request is simply made within a pleading styled "Trustee's Objection to Proof of Claim #7 of Citimortgage, Inc." By requesting the sanctions award, the Trustee has raised due process concerns that can only be satisfied by providing to the affected party sufficient notice and opportunity to respond. *See In re Crofford*, 301 B.R. 880, 884-885 (B.A.P. 8th Cir. 2003); *see also In re Glasco*, 321 B.R. 695, 699-700 (Bankr. W.D.N.C. 2005) (sanctioned party should be given notice and opportunity to be heard prior to imposition of sanctions). The Trustee's request, at a minimum, raises a contested matter. "Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter." FED. R. BANKR. P. 9014 advisory committee's note. If, on the other hand, the Trustee's request rises to the level of an adversary proceeding, the rules

explicitly provide that such request is improper as part of a claims objection and must be brought as an adversary proceeding. *See* FED. R. BANKR. P. 3007(b).

### Conclusion

The Court appreciates the Trustee's frustration in dealing with a creditor that simply will not provide requested information, but once the Trustee requested sanctions, both within his objection to claim and at the hearing, a new action with new concerns was raised. Such request created an action that requires service in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure. The Court, while granting the objection to claim, must deny, without prejudice, the request for damages and attorneys' fees.

In accordance with the foregoing, it is hereby

ORDERED that the Trustee's request for damages and attorneys' fees is denied, without prejudice.

### End of Memorandum Opinion and Order ###